# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

THE JAMES BROOKS COMPANY, INC.,     CASE NO. CV-F-05-0849 OWW LJO

Plaintiff,     **ORDER ON DEFENDANT'S MOTION TO COMPEL**

vs.

CERTAIN UNDERWRITERS AT LLOYD'S LONDON,

Defendant.

_____/

By notice filed on July 21, 2006, defendant moves to compel plaintiff to provide Fed.R.Civ.P 26 Initial Disclosures; responses without objection to Interrogatories, Set One; responses without objections to Requests for Production, One; and production of documents, including any claimed privileged documents. Defendant also requests an order compelling Plaintiff's Fed.R.Civ.P. 30(b)(6) designee to attend a deposition during August at the offices of Defendant's counsel not more than two weeks after the production of discovery responses. No timely opposition has been filed pursuant to Local Rule 37-251. Therefore, the hearing set for August 3, 2006 was vacated and the matter was hereby submitted on the pleadings. Having considered the moving papers, as well as the Court's file, the Court issues the following order.

## FACTUAL AND PROCEDURAL BACKGROUND

This is an insurance coverage/bad faith action brought by Plaintiff, a trucking company, against Defendant who provided an indemnity policy to Plaintiff. Shipping containers filled with bicycles were stolen from Plaintiff's Oakland, California yard in July 2004 and in September 2004. Defendant contends that Plaintiff is not entitled to insurance funds. Defendant contends plaintiff did not

meet the conditions precedent of the insurance policy because the yard was left open and unlocked which did not comply with the policy requirement of "constant surveillance."

The May 30, 2006 scheduling order provides, in part, that discovery cut off is September 15, 2006. Non-Dispositive Motions are due by September 28, 2006. Dispositive Motions are due by October 13, 2006. Trial is set for January 30, 2007.

## ANALYSIS & DISCUSSION

### Discovery Standard

Parties seeking discovery are entitled to all information "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

### Compelling Initial Disclosures

F.R.Civ.P. 26(a)(1) requires parties to disclose supportive witnesses and documents, damages computations and insurance information "without awaiting a discovery request" on a date to which the parties may stipulate. F.R.Civ.P. 26(A)(1) governs initial disclosures and provides in pertinent part:

> . . . a party must, without awaiting a discovery request, provide to other parties:
>
> (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;
>
> (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;
>
> (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered . . .
>
> . . .
>
> These disclosures **must be made** at or within 14 days after the Rule 26(f) conference **unless a different time is set by stipulation or court order**, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstance of the action and states the objection in the Rule 26(f) discovery plan. . . . A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. (Bold added.)

2

The early disclosure requirements encourage litigants "to accelerate the exchange of basic information . . . and to eliminate the paper work involved in requesting such information. Adv. Comm. Notes on Amendments to Federal Rules of Civil Procedure (1993) 146 F.R.D. 401, 628.

F.R.Civ.P. 37(a)(2)(A) authorizes a motion to compel initial disclosures:

> If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

Plaintiff has failed to respond to this motion and there is no reason why initial responses have not been provided as required. Accordingly, plaintiff will be compelled to make its initial disclosures.

### Deposing Person Most Knowledgeable

F.R.Civ.P. 30(b)(6) authorizes depositions of "persons most knowledgeable":

> A party may . . . name as the deponent a public or private corporation . . . and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters known or reasonably available to the organization.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

Defendant has the right to depose the person(s) most knowledgeable for plaintiff. The notice of deposition served contains the categories of subjects for inquiry: security measures, the theft of the bicycles, the containers in which the bicycles were stored, and damages from the theft. (Exh. 1.) Plaintiff does not object to the form or substance of the notice. Therefore, the deposition of the person most knowledgeable will be compelled.

### Place Of Deposition

The difficulty between the parties was in arranging a mutually convenient time and place. Defendant presents evidence that the person most knowledgeable for plaintiff is in Oakland, California, but defendant desires the deposition to be in San Francisco, where defense counsel has his office.

Generally, noticing parties have discretion where to set depositions. "Usually, a party seeking discovery may set the place where the deposition will take place, subject to the power of the courts to grant a protective order designating a different location." *Philadelphia Indemnity Ins. v. Federal Ins. Co.*, 215 F.R.D. 492, 495 (E.D. Pa. 2003) (citing several cases); *see Turner v. Prudential Ins. Co. of America*, 119 F.R.D. 381, 383 (M.D. N.C. 1988) (generally, the deposition of a party or its officers may be noticed wherever the deposing party designates, subject to a court's power to grant a protective order).

Courts presume that a defendant's deposition will proceed at his place of residence, business or employment:

> Although the federal rules do not prevent plaintiff's designating any place he chooses for the taking of a defendant's deposition, the cases indicate that it is presumed that a defendant will be examined at his residence or at his place of business or employment; if another place is named and defendant files a timely objection the objection should be sustained absent some unusual circumstance to justify putting the defendant to such inconvenience.

*Grey v. Continental Marketing Assocs.*, 315 F.Supp. 826, 832 (N.D. Ga. 1970).

A corporate officer or employee's deposition "should usually take place at the corporation's principal place of business or, as other courts have held, at his place of business or employment." *Philadelphia Indemn.*, 215 F.R.D. at 495 (citing several cases). Nonetheless, a plaintiff may arrange "to take depositions at a time when defendants will be in this state, if possible, but otherwise plaintiff must take any depositions he wishes at the defendants' residence or place of business." *Grey*, 315 F.Supp. at 832.

"The Court has considerable discretion in determining the place of a deposition, may consider the relative expenses of the parties and may order that expenses be paid by the opposing party." *Generale Bank Nederland N.V. v. First Sterling Bank*, No. Civ. A. 07-2273, 1997 WL 778861, at 2 (E.D. Pa. 1997).

The Court has not received an objection to the place of deposition at defense counsel's office in San Francisco. The location for the deposition that is requested is not distant from the corporate office. Therefore, the deposition will be compelled for defense counsel's office.

////

**Compelling Interrogatory Responses**

The party answering interrogatories must furnish "such information as is available to the party." F.R.Civ.P. 33(a). F.R.Civ.P. 33(b)(1) requires interrogatories to be answered "separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Interrogatory answers must be "signed by the person making them, and the objections signed by the attorney making them." F.R.Civ.P. 33(b)(2). The propounding party may seek an order to compel further responses regarding "an objection to or other failure to answer an interrogatory." F.R.Civ.P. 33(b)(5).

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)). The failure to respond to interrogatories "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for protective order." F.R.Civ.P. 37(d). An "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." F.R.Civ.P. 37(a)(3).

The interrogatories consist of 15 questions, some with subparts, that ask about security measures for the stolen cargo. This is the first set of interrogatories propounded.

No response has ever been served on defendants. Plaintiff makes no attempt to explain its failure to respond to and disregard of defendant's legitimate discovery. Defendant is entitled to complete, straightforward answers, without objections, to the interrogatories.

**Compelling Document Production**

Fed.R.Civ.P. 34(a) permits a requesting party to ask for documents "which are in the possession, custody or control of the party upon whom the request is served." Rule 34(b) states that "The request shall set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity." Rule 34(b) also requires a written response to a request for production to "state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." A party is obliged to produce all specified relevant and nonprivileged documents or other things which

are in its "possession, custody or control" on the date specified in the request. Fed.R.Civ.P. 34(a); *Norman Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co.*, 576 F.Supp. 511, 512 (W.D. Pa. 1983). The propounding party may seek an order for further disclosure regarding "any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection requested." Fed.R.Civ.P. 34(b).

The Documents Requests consist of 5 requests asking for videos and documents related to security for the stolen cargo. No response to the Request and no document production has been provided. The Requests are appropriate, and therefore, will be compelled to be produced.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to compel as follows:

1. ORDERS plaintiff to provide, no later than 10 days from the service of this order, its F.R.Civ.P. 26(a)(1) initial disclosures;

2. ORDERS plaintiff, no later than 10 days from the service of this order, to serve complete, straightforward answers, without objections, to defendant's interrogatories;

3. ORDERS plaintiff, no later than 10 days from the service of this order, to serve complete, straightforward responses, without objections, and produce documents in response to defendant's request for production of documents; and

4. ORDERS plaintiff, no later than 14 days after the date the interrogatories and document production are produced, to produce person(s) most knowledgeable for a deposition at defense counsel's office in San Francisco, CA at a mutually convenient time and date.

IT IS SO ORDERED.

**Dated:   July 31, 2006**            /s/ Lawrence J. O'Neill
b9ed48                                  UNITED STATES MAGISTRATE JUDGE